IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-20038-10-DDC |
| ALAN JAMISON BARRERO (10), | |
| Defendant. | |

### MEMORANDUM AND ORDER

Defendant Alan Jamison Barrero has filed a pro se[1] Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 907). As explained below, the court dismisses the motion for lack of subject matter jurisdiction.

### I.   Factual and Procedural Background

On December 13, 2018, Mr. Barrero pleaded guilty to charges that: (1) he conspired with other persons to distribute and possess with intent to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(viii), and 846 and 18 U.S.C. § 2, and (2) he used a telephone when he conspired with others to commit the drug offense, violating 21 U.S.C. § 843(b). Doc. 392 at 1. On January 23, 2020, the court sentenced Mr. Barrero to 146 months' imprisonment and five years' supervised release. Doc. 739. Mr. Barrero now is serving that sentence of imprisonment at Pekin FCI in Illinois. *See* Alan Jamison Barrero, Reg. No.

---

[1]   The court construes Mr. Barrero's motion and other filings liberally because "prisoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

28799-031, https://www.bop.gov/inmateloc/ (last visited July 28, 2021). Mr. Barrero has a projected release date of January 10, 2028. *Id.*

On January 4, 2021, Mr. Barrero filed a Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). Doc. 907. On January 12, 2021, the court issued a Notice and Order to Show Cause, directing Mr. Barrero to supply the court with additional information about whether he had satisfied the statute's requirement of exhaustion or lapse. Doc. 910. Mr. Barrero timely filed a Supplement, providing the requested information. *See* Doc. 917. The government then filed a Response to Mr. Barrero's motion. Doc. 928. And, Mr. Barrero filed a Reply. Doc. 936. After carefully reviewing the parties' briefs, the court concludes that it must dismiss his motion. The court explains why, below.

## II.     Legal Standard

The court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Maumau*, 993 F.3d 821, 830–31 (10th Cir. 2021) (reviewing § 3582(c)(1)'s history, text, and requirements). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Our Circuit reads § 3582(c) to impose a jurisdictional requirement.  "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'"  *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)).  The court now applies this standard to Mr. Barrero's motion.

### III.     Whether Mr. Barrero Shows Exhaustion or Lapse

Mr. Barrero's response to the court's Notice and Order to Show Cause shows that he meets § 3582(c)(1)(A)'s requirement of exhaustion or lapse.  Mr. Barrero asserts that he filed his initial request with the warden on July 15, 2020.  Doc. 917 at 2.  And, he alleges that the warden denied his request on September 3, 2020.  *Id.*; *see also* Doc. 917-1 at 3 (warden's denial letter dated September 1, 2020).  So, Mr. Barrero asserts that he shows lapse because the warden failed to respond to his request for relief under § 3582(c)(1)(A) within 30 days.[2]  Doc. 917 at 2.  The court agrees.  So, it now proceeds to ask whether Mr. Barrero has presented "extraordinary and compelling reasons" exist.  18 U.S.C. § 3582(c)(1)(A)(i).

### IV.     Whether Mr. Barrero Shows an Extraordinary and Compelling Reason

Mr. Barrero asserts that his kidney disease, Hepatitis C diagnosis, obesity, and incarceration at Pekin FCI during the COVID-19 pandemic constitute an extraordinary and compelling reason under § 3582(c)(1)(A).  *See* Doc. 907 at 1–2; Doc. 917 at 10.  Mr. Barrero also alleges he recently contracted COVID-19, and he contends that he may experience long-term health consequences from that illness.  Doc. 917 at 7, 10, 19.

The government responds that Mr. Barrero's health records don't show that he has any current health problems as a result of having contracted COVID-19.  Doc. 928 at 16.  Also, the

---

[2]     The government never contests Mr. Barrero's assertion that he has established lapse.

government has submitted medical records showing that Mr. Barrero was offered and refused a COVID-19 vaccine on February 25, 2021.  *Id.* at 10.  Mr. Barrero doesn't deny that he refused the vaccine.  But he asserts that he is "understandably concerned" about the vaccine's possible side effects.  Doc. 936 at 8.

The Seventh Circuit's Judge Easterbrook recently rejected a similar argument when his court affirmed a district court's denial of a prisoner's motion for compassionate release.  *United States v. Broadfield*, ___ F.4th ___, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021) (Easterbrook, J.).  Judge Easterbrook found that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release."  *Id.*  Instead, the Circuit concluded, that "risk is self-incurred."  *Id.*  The prisoner—Mr. Broadfield—had informed the Circuit "that he was offered a vaccine but declined" because "he fears an allergic reaction, but he does not contend that he has suffered such a reaction to any other vaccine."  *Id.*  Judge Easterbrook noted that the "Bureau of Prisons' policy statement provides that prisoners with a history of allergic reactions to vaccines will receive extra evaluation before vaccination and additional observation afterward," but recognized that Mr. Broadfield didn't "come within this category."  *Id.*  And, Judge Easterbrook rejected the "prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective."  *Id.*

Judge Easterbrook summarized his holding as follows:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends.  But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.  A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast

majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id.* Consistent with Judge Easterbrook's persuasive analysis of the issue, the court is inclined to find Mr. Barrero demonstrates no extraordinary and compelling reason for a sentence reduction because he was offered and refused a COVID-19 vaccine based only on his purported concerns about the vaccine's possible side effects. But since the Tenth Circuit hasn't provided any binding authority on this issue, the court instead will assume that Mr. Barrero's health conditions here qualify as an extraordinary and compelling reason.[3] It does so because, as shown below, the § 3553(a) sentencing factors don't warrant the modification Mr. Barrero requests in any event.

### V. Whether § 3553(a)'s Sentencing Factors Support the Sentence Modification Mr. Barrero Requests

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

---

[3] Mr. Barrero asserts a medical condition—obesity—that the CDC explains can increase risk of severe illness from COVID-19. *COVID-19: People with Certain Medical Conditions*, CDC (updated May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 28, 2021).

Here, Mr. Barrero asks the court to modify his sentence by reducing it to time served. *See* Doc. 917 at 20; Doc. 936 at 11.  The government asserts that a substantial portion of Mr. Barrero's sentence remains, and that the time served sentence he requests would offend § 3553(a)'s sentencing factors.  Doc. 928 at 18–20.  The court sentenced Mr. Barrero to 146 months' imprisonment.  Doc. 739 at 2.  Today, his projected release date is January 10, 2028, roughly 77 months away.  *See* Alan Jamison Barrero, Reg. No. 28799-031, https://www.bop.gov/inmateloc/ (last visited July 28, 2021).  This remainder represents about 52% of his original sentence.  Where the court previously has granted relief under § 3582(c)(1)(A) during the COVID-19 pandemic, defendants sought sentence modifications far less substantial.[4]  And the court has held that a defendant's extraordinary and compelling circumstances, in light of § 3553(a), did not warrant relief far more modest than Mr. Barrero's request.[5]

To grant Mr. Barrero's motion would reduce his sentence's severity significantly. Replacing imprisonment with a corresponding period of home confinement can mitigate the extent that the sentence modification reduces the severity of the total sentence.  *See Johnson*, 2020 WL 5981676, at *6.  But home confinement and imprisonment are not equivalents.  *See United States v. Johnson*, 529 U.S. 53, 58–59 (2000) ("Though interrelated, the terms [of imprisonment and supervised release] are not interchangeable.").  Here, if the court ordered

---

[4] *See, e.g.*, *United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting § 3582(c)(1)(A) motion where roughly 5% of term of imprisonment remained and defendant already had transferred to a residential reentry center); *United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *6 (D. Kan. Oct. 8, 2020) (granting § 3582(c)(1)(A) motion where roughly 12% of term of imprisonment remained).

[5] *See, e.g.*, *United States v. Wuellner*, No. 13-20031-01-DDC, 2021 WL 51024, at *2–3 (D. Kan. Jan. 6, 2021) (holding defendant's incarceration and health conditions during COVID-19 pandemic, though "extraordinary and compelling," were not sufficient given the § 3553(a) factors to warrant replacing the remaining 9% of defendant's term of imprisonment with home confinement).

home confinement, it would replace about 52% of the imprisonment term. Only a substantial shift in the court's analysis of the relevant § 3553(a) factors could justify that outcome.

Here, the circumstances do not produce a shift substantial enough to support Mr. Barrero's sentence modification request, even if the modification includes home confinement as a term of supervised release. After Mr. Barrero pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine and using a telephone while committing the drug offense, the court sentenced him to 146 months' imprisonment and five years' supervised release. Doc. 392 at 1; Doc. 739 at 2. The court's analysis of certain § 3553(a) factors has shifted since Mr. Barrero's sentencing. Under § 3553(a)(1), the court acknowledges that Mr. Barrero's health conditions and the risks he faces as a federal inmate during the COVID-19 pandemic may support a lesser sentence than when the court sentenced him. Moreover, Mr. Barrero explains his efforts to educate himself and develop personal and professional skills to prepare himself for success upon release. *See* Doc. 907 at 2; Doc. 917 at 20; Doc. 917-1 at 1–2. Mr. Barrero's accomplishments, goals, and commitment to acquiring education are commendable. But the court must weigh this new information against other facts relevant to the court's analysis of the sentencing factors.

Several significant factors that supported Mr. Barrero's original sentence continue to support a term of imprisonment longer than the time-served sentence he now seeks. *See, e.g.*, 18 U.S.C. § 3553(a)(1)–(2) (including "the nature and circumstances of the offense" and the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"). Here, as the government correctly asserts, the evidence of a drug trafficking investigation revealed that Mr. Barrero frequently purchased methamphetamine from a drug trafficking organization, had a point of contact in Mexico who

7

helped him procure methamphetamine from the drug trafficking organization, and was accountable for 32.5 pounds of methamphetamine that tested more than 80% pure, so it qualified as "ice" for purposes of the Sentencing Guidelines. Doc. 642 at 11–12, 15 (Presentence Investigation Report ¶¶ 37, 52–53). Based on these facts, the court's aggregate analysis of the sentencing factors hasn't changed enough since sentencing Mr. Barrero to render appropriate the *substantial* sentence modification Mr. Barrero requests. The circumstances thus do not warrant relief under § 3582(c)(1)(A). And our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Poutre*, 834 F. App'x at 473 (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014); then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)). As a result, the court lacks subject matter jurisdiction to consider the motion. And, the court thus must dismiss Mr. Barrero's motion seeking a sentence reduction.

### VI.   Conclusion

The court dismisses Mr. Barrero's motion under § 3582(c)(1)(A) because it lacks subject matter jurisdiction to decide it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Alan Jamison Barrero's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 907) is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Dated this 11th day of August, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**