IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>ALAN JAMISON BARRERO (10),<br><br>   Defendant. | Case No. 17-20038-DDC-10 |

**MEMORANDUM AND ORDER**

Defendant Alan Jamison Barrero has filed a pro se[1] Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 999). It broadly asks for compassionate release. But, it also asks the court to reduce Mr. Barrero's sentence by an unspecified amount. The government filed a Response (Doc. 1005), conceding that Mr. Barrero properly has exhausted his available administrative remedies, as required under 18 U.S.C. § 3582(c)(1)(A). As such, the court considers the merits of Mr. Barrero's motion. For reasons explained below, the court denies the motion no matter how it's construed. Mr. Barrero isn't entitled to compassionate release from custody nor any reduction in sentence.

**I.   Background**

On December 13, 2018, Mr. Barrero pleaded guilty to charges that: (1) he conspired with other persons to distribute and possess with intent to distribute more than 50 grams of

---

[1]   The court construes Mr. Barrero's motion and other filings liberally because "prisoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

methamphetamine, violating 21 U.S.C. §§ 841(a)(l), (b)(l)(A)(viii), and 846, as well as 18 U.S.C. § 2, and (2) he used a telephone when he conspired with others to commit the drug offense, violating 21 U.S.C. § 843(b).  Doc. 392 at 1.  On January 23, 2020, the court sentenced Mr. Barrero to 146 months' imprisonment and five years' supervised release.  Doc. 739 at 1–3.  Mr. Barrero now is serving that sentence of imprisonment at Fort Dix FCI in New Jersey.  *See* Alan Jamison Barrero, Reg. No. 28799-031, https://www.bop.gov/inmateloc/ (last visited June 22, 2022).  Mr. Barrero has a projected release date of January 10, 2028.  *Id.*

On January 4, 2021, Mr. Barrero filed his first Motion to Reduce Sentence.  Doc. 907.  Mr. Barrero argued that he was at a heightened risk of severe disease or death were he to contract COVID-19.  *Id.* at 2.  On August 11, 2021, the court dismissed that motion for lack of subject matter jurisdiction.  Doc. 952.[2]

On February 8, 2022, Mr. Barrero filed his second Motion for Compassionate Release.  Doc. 999.  Mr. Barrero argues that his risk of additional complications from the ongoing COVID-19 pandemic in conjunction with "his length of time served, his rehabilitation, and the harsh conditions of confinement" provide "extraordinary and compelling reasons" to reduce his sentence.  *Id.* at 1.  Mr. Barrero states that his obesity, substance abuse disorder, kidney problems, hepatitis C virus, and depressive disorder all place him at a heightened vulnerability to COVID-19.  *Id.* at 6–11.  Mr. Barrero also asserts that his "sex and ethnicity place him at increased risk of hospitalization and death from COVID-19 infection."  *Id.* at 12.  Mr. Barrero

---

[2]  The court dismissed Mr. Barrero's first motion because, at that time, our Circuit had "suggested in nonprecedential opinions that a failure to meet the requirements in § 3582(c)(1)(A) would deprive the court of jurisdiction."  *United States v. Wills*, No. 21-3060, 2021 WL 4205160, at *2 (10th Cir. Sept. 16, 2021) (citing *United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020)).  But, since then, the Circuit has clarified "that § 3582 (c)(1)(A)'s requirements are not jurisdictional."  *Id.* (citing *United States v. Hald*, 8 F.4th 932, 942 n.7 (10th Cir. 2021)).

received the first dose of the Pfizer COVID-19 vaccine on January 19, 2022. *Id.* at 11. When he filed this motion, he was "waiting to receive the second inoculation[.]" *Id.*

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). This exception permits the court to modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[3] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

Aside from this exhaustion requirement, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[3]    Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered* request to the warden for such relief." *Maumau*, 993 F.3d at 830 (emphasis added).

Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three prerequisites are satisfied," and, so, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit doesn't view the first step—"extraordinary and compelling" reasons—as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not reach the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, "until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

### III.   Analysis

The government doesn't contest that Mr. Barrero has complied with the exhaustion or lapse requirements in 18 U.S.C. § 3582(c)(1)(A). *See* Doc. 1005; *see also* Doc. 1005-1 (Mr. Barrero's request to warden, dated Dec. 13, 2021). But, the court denies Mr. Barrero's motion for two separate independently sufficient reasons:  (1) Mr. Barrero hasn't shown extraordinary and compelling reasons for his release and (2) the § 3553(a) sentencing factors don't favor his release. The court explains these conclusions, below.

#### A.   **Extraordinary and Compelling Reasons**

Mr. Barrero seeks compassionate release on account of his obesity, substance abuse disorder, kidney problems, hepatitis C virus, and depressive disorder, which he asserts all create

a risk of complications from COVID-19. *See* Doc. 999 at 6–11. Mr. Barrero also asserts that "his sex and ethnicity place him at increased risk of hospitalization and death from COVID-19 infection." *Id.* at 12.

Our Circuit recently held (albeit in an unpublished opinion) that "'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *United States v. McRae*, No. 21-4092, 2022 WL 803978, at *2 (10th Cir. Mar. 17, 2022) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").[4]

The record reflects that Mr. Barrero received the first dose of the Pfizer COVID-19 vaccine. *See* Doc. 999 at 11. And when he filed his motion, he was "waiting to receive the second inoculation[.]" *Id.* So, mindful of the Circuit's guidance, the court concludes that Mr. Barrero's incarceration during the pandemic isn't an extraordinary and compelling reason to reduce his sentence.

---

[4] It appears that several district courts in our Circuit—including our court—have adhered to this recent direction from the Circuit. Following *McRae*, those courts have concluded that, if a defendant has had access to the COVID-19 vaccine, then a defendant's incarceration during the pandemic can't provide, on its own, an extraordinary and compelling reason for a sentence reduction. *See United States v. Maynard*, No. 18-CR-00395-CMA, 2022 WL 2077951, at *2 (D. Colo. June 9, 2022); *United States v. Smith*, No. 2:13-cr-00776, 2022 WL 1422197, at *6 (D. Utah May 5, 2022); *United States v. Garcia-Patino*, No. 17-20038-18-DDC, 2022 WL 1223642, at *2–3 (D. Kan. Apr. 26, 2022); *United States v. Logan*, No. CR 07-20090-01-KHV, 2022 WL 1102654, at *3 (D. Kan. Apr. 13, 2022); *United States v. Oaks*, No. 18-CR-00470-PAB-11, 2022 WL 1081148, at *2 (D. Colo. Apr. 11, 2022); *United States v. Duran*, No. 1:15-CR-27 TS, 2022 WL 844433, at *1 n.3 (D. Utah Mar. 22, 2022).

B.      **Sentencing Factors in § 3553(a)**

Even if Mr. Barrero had presented an extraordinary and compelling reason for a sentence reduction, his motion also fails at the third step of the § 3582(c)(1)(A) analysis. Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider the relevant sentencing factors under § 3553(a). Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

The court analyzed Mr. Barrero's sentencing factors when it dismissed his first compassionate release motion last year. *See* Doc. 952 at 5–8. The court need not repeat that analysis here because the sentencing factors haven't shifted since the court last considered them. Indeed, Mr. Barrero concedes that "several significant factors that supported his original sentence continue to support a term of imprisonment longer than the time-served sentence that he had originally sought" in his first compassionate release motion. Doc. 999 at 32; *see also id.* at 34 (conceding that the sentencing factors "remain as weighty today as at the time of sentencing"). Mr. Barrero's only argument for compassionate release this time around is that his incarceration during the pandemic "has proven more arduous" than expected. *Id.* at 34. While the court certainly didn't anticipate the COVID-19 pandemic when it sentenced Mr. Barrero, the pandemic, on its own, doesn't provide a sufficient reason to reduce his sentence.

Mr. Barrero's projected release date remains more than five years away. The court finds that a sentence reduction of the kind sought by Mr. Barrero's current motion would not reflect

6

the nature and seriousness of Mr. Barrero's offense. Also, it radically would alter the appropriate sentence and no longer provide just punishment for his offense.

## IV.     Conclusion

The court denies Mr. Barrero's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 999) for two independent, sufficient reasons: (1) he fails to present an extraordinary and compelling reason warranting his release, and (2) the § 3553(a) factors do not favor his release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Alan Jamison Barrero's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 999) is denied.

**IT IS SO ORDERED.**

**Dated this 14th day of July, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**