**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ALAN JAMISON BARRERO (10),**

**Defendant.**

**Case No. 17-20038-10-DDC**

## MEMORANDUM AND ORDER

Defendant Alan Jamison Barrero sent a letter to the court, which the court has attached to this Order. Defendant's letter explains that his good-time credits entitle him to placement in a residential-reentry center or home confinement. He asks the court to appoint him counsel and to assert "judicial authority" over his "situation." The court construes defendant's letter as a motion challenging the execution of his sentence and now dismisses that motion for lack of jurisdiction. Here's why.

Defendant's motion challenges the execution of his sentence. It argues that he's entitled to different conditions of confinement based on his good-time credits and thus goes to the execution of his sentence. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (explaining that challenges "concerning good-time credit and parole procedure[] go to the execution of the sentence"). The only procedural vehicle available to challenge the execution of a sentence is a habeas petition under 28 U.S.C. § 2241. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005) ("[A] challenge to the execution of a sentence should be brought under 28

U.S.C. § 2241."). So, the court liberally construes[1] defendant's letter as a habeas petition under 28 U.S.C. § 2241. But that conclusion raises a jurisdictional impediment.

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). "To grant habeas relief within its jurisdiction, the district court must 'have jurisdiction over the [prisoner's] custodian.'" *Chappell v. Colorado*, 2024 WL 2973701, at *2 (10th Cir. June 13, 2024) (alteration in original) (quoting *Padilla*, 542 U.S. at 442). So, "§ 2241 petitions must be brought in the district where the [prisoner] is confined." *Lewis v. English*, 736 F. App'x 749, 751 n.2 (10th Cir. 2018). That is, challenges "concerning good-time credit and parole procedure . . . should be brought against defendant's custodian under 28 U.S.C. § 2241." *Furman*, 112 F.3d at 438.

Here, defendant isn't incarcerated in this court's judicial district.[2] So, the court lacks jurisdiction over his habeas petition. The court thus dismisses defendant's habeas petition.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Alan Jamison Barrero's letter, liberally construed as a habeas petition under 28 U.S.C. § 2241, is dismissed.

**IT IS SO ORDERED.**

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Defendant sent his letter from FCI Florence in Colorado. BOP's website shows that defendant now is at Phoenix RRM—a residential reentry center. This apparent transfer might moot defendant's request. But the court needn't dwell on the issue because it lacks jurisdiction for the separate reason that defendant hasn't filed his request in the proper judicial district. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (explaining that "a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits" (quotation cleaned up)). Whether defendant is in Colorado or Arizona, the court's conclusion remains: it lacks jurisdiction.

**Dated this 21st day of August, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**